CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 10 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RODNEY J. BROWN, | ) | |
| | ) | Civil Action No. 7:04-CV-00666 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

In this 28 U.S.C. § 2255 motion, petitioner Rodney J. Brown challenges his sentence of 20 years incarceration for possession with intent to distribute cocaine. Brown claims ineffective assistance of counsel. This matter is before the court on the respondent's motion to dismiss. Under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), the court finds that Brown's claims are meritless. Therefore, the court grants the respondent's motion to dismiss.

I.

The Government indicted Brown for possession with intent to distribute more than 50 grams of cocaine base. Brown pled not guilty and went before a jury, who found him guilty. The Government filed an information,[1] detailing a prior conviction for cocaine distribution, and Brown confirmed at his sentencing that he had not contested his prior conviction. Thus, Brown was subject to a mandatory minimum sentence of 20 years pursuant to 21 U.S.C. § 841(a)(1). Also, Brown's presentence report recommended a two-point enhancement, to which his counsel unsuccessfully objected. Based on his presentence report, the court assessed Brown's offense level as 34, his criminal history category as IV, and his guideline custody range as 240 to 262

---

[1] See 21 U.S.C. § 851(a)(1).

months. The court then sentenced Brown to the statutory mandatory minimum sentence of 20 years. Brown appealed, and the Fourth Circuit affirmed his conviction and sentence.

In his § 2255 motion, Brown claims that his counsel was ineffective because he met with Brown only three times prior to trial, he failed to discuss a defense strategy with Brown, he did nothing to marshal support for Brown's claim of innocence, he failed to discuss with Brown the criminal history scoring of his presentence report, he failed to confer with Brown about the presentence report, and he failed to object at sentencing to the scoring of the report.

## II.

In order to prevail on a claim of ineffective assistance, Brown must show both that his counsel acted unreasonably and that the outcome of his case would have been different but for counsel's alleged errors. Strickland v. Washington. 466 U.S. 668, 690 (1984). Further, Brown "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Here, Brown does not point to any particular act or omission on the part of his counsel; rather, he generally attacks counsel's performance. He does not articulate what specific information counsel should have shared with him regarding a defense strategy or the presentence report, and he does not explain what more counsel could have done to marshal support for his claim of innocence. Moreover, Brown has not demonstrated that the outcome of his case would have been different but for counsel's allegedly defective performance. Brown has identified no potential course of action that would have led to a verdict of not guilty, and Brown has not identified how his attorney might have helped him avoid the mandatory minimum sentence of 20 years. Brown was subject to the mandatory minimum, and there was nothing his attorney could have done to change that. Because the court sentenced

2

Brown to the mandatory minimum, any claim of prejudice Brown might make with regard to the length of his sentence, such as his claim that counsel failed to object to the scoring of his presentence report, is meritless.

### III.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER**: This _9th_ day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

3

Case 7:04-cv-00666-SGW-mfu   Document 19   Filed 06/10/05   Page 3 of 3   Pageid#: 72